```
                    United States District Court
                      District of Massachusetts
```

|                                  |   |                      |
|----------------------------------|---|----------------------|
| **KAVEH L. AFRASIABI,**          | ) |                      |
|                                  | ) |                      |
| Plaintiff,                       | ) |                      |
|                                  | ) |                      |
| v.                               | ) | Civil Action No.     |
|                                  | ) | 16-11791-NMG         |
| **COMMONWEALTH OF MASSACHUSETTS,** | ) |                      |
| **ET AL.,**                      | ) |                      |
|                                  | ) |                      |
| Defendants.                      | ) |                      |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of the pretrial detention and subsequent release of plaintiff Dr. Kaveh Afrasiabi ("Dr. Afrasiabi" or "plaintiff") that occurred in connection with a Massachusetts criminal case. Dr. Afrasiabi claims that defendants the Commonwealth of Massachusetts ("the Commonwealth"), Assistant District Attorney Raquel Frisardi ("ADA Frisardi"), Attorney Ardenoke a/k/a Aderonke Lipede ("Attorney Lipede") and Sami Herbawi 1) falsely imprisoned him in violation of his civil rights, 2) intentionally inflicted emotional distress upon him, 3) negligently inflicted emotional

distress upon him and 4) conspired to falsely accuse him of criminal conduct.[1]

Motions to dismiss filed by 1) the Commonwealth and ADA Frisardi and 2) Attorney Lipede and Mr. Herbawi as well as a motion by plaintiff for the disclosure of the names of two anonymous defendants from the Middlesex Sheriff's department are pending before the Court. For the reasons that follow, the motions to dismiss will, with respect to the 42 U.S.C. § 1983 claims, be allowed and, with respect to the state law claims, be allowed without prejudice to plaintiff re-filing those claims in state court. The motion for disclosure will be denied as moot.

I. **Background**

Dr. Kaveh Afrasiabi, Ph.D., is a former political science professor at Boston University and Bentley University. This case involves claims that stem from the arrest and subsequent incarceration of Dr. Afrasiabi in connection with a criminal complaint filed against him in the Cambridge District Court.

**A. Criminal Complaint Alleging Harassment of Mr. Herbawi**

There is a criminal complaint pending against Dr. Afrasiabi in the Cambridge District Court that alleges that he harassed Mr. Herbawi in violation of M.G.L. c. 265, § 43(a). Dr. Afrasiabi and Mr. Herbawi have a contentious history that begins

---

[1] The complaint also names Governor Charlie Baker, Anonymous Officer, Middlesex and Sheriff's Office as defendants but those individuals have not been served.

with a dispute in August or September of 2014. At that time, Dr. Afrasiabi planned an event featuring a lecture by Professor Noam Chomsky of the Massachusetts Institute of Technology at Mr. Herbawi's coffee house. Dr. Afrasiabi asserts that, although he spent a significant amount of time and money organizing the Chomsky event, Mr. Herbawi reneged on their related agreement and verbally and physically assaulted Dr. Afrasiabi.

Dr. Afrasiabi submits that he and Mr. Herbawi resolved their differences in October, 2014. At Mr. Herbawi's request, Dr. Afrasiabi purportedly gave him two notarized letters releasing him of all liabilities due to the breached agreement. According to Dr. Afrasiabi, Mr. Herbawi then appeared at a probable cause hearing in Cambridge District Court in March, 2015 and denied that he received the notarized letters and claimed that Dr. Afrasiabi had repeatedly contacted him.

### B. Pretrial Release and Revocation of Release in Cambridge District Court

In August, 2015, plaintiff was arraigned on the criminal charges alleging that he had harassed Mr. Herbawi and was released pending trial on condition that he avoid any direct or indirect contact with the purported victim. The Commonwealth sought a warrant for Dr. Afrasiabi's arrest in September, 2015 because he allegedly violated the no indirect contact condition of his release. In October, 2015, the Cambridge District Court

convened a hearing and amended the conditions of release to include a provision that barred Dr. Afrasiabi from making any "public comment relative to this complaint".

Later that month, Dr. Afrasiabi sent an email to the following recipients: Noam Chomsky, William Keefe, Thomas K. Birch, Sean McKendry, rcohen@nytimes.com and eight other unnamed individuals. The email made reference to the Cambridge police department, the district court and the district attorney's office. Among other things, Dr. Afrasiabi stated that

> my civil rights abusers in Cambridge Police and Cambridge District Court continue harboring the illusion of quick injustice.

The email does not specifically mention Mr. Herbawi.

Shortly after the email was sent, the Commonwealth requested that Dr. Afrasiabi's release be revoked, alleging that he had publicly commented on the complaint. The Cambridge District Court convened a hearing, concluded that Dr. Afrasiabi had violated the no public comment condition and ordered him detained without bail for 90 days in accordance with M.G.L. c. 276, § 58B. At the initial hearing before the Cambridge District Court, Dr. Afrasiabi did not argue that the "no public comment" condition violated his First Amendment Rights.

According to the complaint, during his 50-day pretrial detention at the Billerica House of Correction, Dr. Afrasiabi "was subjected to physical torture twice". The alleged torture

occurred when he was, on two occasions, "transported in chains in a small metallic cubicle in the back of a van". Dr. Afrasiabi alleges that he did not have a seatbelt during the transportation, was "deprived of adequate air to breathe for nearly 4 hours" and was in physical pain.

### C. Appeal of Pretrial Detention

Dr. Afrasiabi appealed the revocation of his supervised released under M.G.L. c. 211, § 3 on the grounds that the "no public comment" condition violated his First Amendment Rights. The Massachusetts Supreme Judicial Court ("the SJC") denied his first petition without prejudice so he could present his First Amendment argument to the Cambridge District Court. That Court disagreed with Dr. Afrasiabi's contention that the "no public comment" was a gag order in violation of the First Amendment.

Dr. Afrasiabi then sought from the SJC reconsideration of his M.G.L. c. 211, § 3 petition. A single justice of the SJC, the Honorable Francis Spina, reconsidered the petition and held that

> The 'no public comment condition' is so broad that on its face it includes comment that would not amount to direct or indirect contact with the alleged victim, but would include comment that is protected by the First Amendment to the Constitution and art. 16 of the Declaration of Rights. As such, the 'no public comment' condition is a prior restraint on protected speech and must be stricken.

Commonwealth v. Afrasiabi, No. SJ-2015-0483 (Mass. entered Dec. 25, 2015) (internal citation omitted).

-5-

On the other hand, Justice Spina observed that the "no contact" condition was permissible and concluded that it was unclear from the trial court's order whether it considered the email to have been indirect contact with the purported victim. Therefore, Justice Spina allowed Dr. Afrasiabi's petition and vacated the orders revoking his pretrial release and detaining him but also remanded the case so that the trial court could determine whether Dr. Afrasiabi violated the "no contact" condition.

### D. Procedural History of this Case

Dr. Afrasiabi filed a lawsuit pro se in this Court in September, 2016, alleging that the Commonwealth, ADA Frisardi and Attorney Lipede falsely imprisoned him in violation of his civil rights and both intentionally and negligently inflicted emotional distress upon him. Dr. Afrasiabi also alleged that Attorney Lipede and Mr. Herbawi conspired to accuse him falsely of criminal harassment. Dr. Afrasiabi seeks $25 million in damages.

In October, 2016, defendants Attorney Lipede and Mr. Herbawi moved to dismiss the claims against them and in December, 2016, the Commonwealth and ADA Frisardi moved to dismiss the claims against them. Plaintiff timely opposed both motions and moved for the disclosure of the names of two anonymous defendants from the Middlesex County Sheriff's Office

in order to serve those defendants. No party has opposed plaintiff's motion but the Commonwealth and ADA Frisardi request that, to the extent the motion is directed toward them, the Court delay deciding it until after it renders a decision on their motion to dismiss. This memorandum and order addresses all three pending motions.

## II. **Motions to Dismiss**

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 12(b), a defendant may move to dismiss a complaint for want of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires that a complaint contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the

inference of liability that the plaintiff is asking the court to draw. Id. at 13.  When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

If a defendant moves to dismiss on the grounds that federal subject matter jurisdiction is lacking under Fed. R. Civ. P. 12(b)(1) and the plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), a court should first evaluate whether it has subject matter jurisdiction. Deniz v. Municipality of Guaynabo, 285 F.3d 142, 150 (1st Cir. 2002).  If subject matter jurisdiction is absent, "assessment of the merits becomes a matter of purely academic interest." Id.

**B. Application**

Plaintiff's complaint includes only one federal claim: he alleges that defendants the Commonwealth, ADA Frisardi and Attorney Lipede violated 42 U.S.C. § 1983 ("§ 1983") by falsely imprisoning him.  This Court agrees with the Commonwealth and ADA Frisardi that the § 1983 claim against them must be dismissed on immunity grounds.  It also agrees with Attorney Lipede and Mr. Herbawi that no viable federal claim is raised against them.

-8-

Because plaintiff's federal claims will be dismissed before discovery commences, this Court declines to exercise jurisdiction over plaintiff's state law claims and will dismiss them without prejudice to plaintiff filing suit in state court.

### 1. The Commonwealth and ADA Frisardi are Immune from a § 1983 Claim

The contention of the Commonwealth and ADA Frisardi that the § 1983 claim against them should be dismissed because they are immune from suit is well taken. First, with respect to the Commonwealth, as recognized by the Eleventh Amendment to the United States Constitution, "the States' immunity from suit is a fundamental aspect of [their] sovereignty." Alden v. Maine, 527 U.S. 706, 713 (1999). Therefore,

> if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984). Accordingly, plaintiff's federal civil rights claim against the Commonwealth will be dismissed.

Second, regardless of whether plaintiff is suing ADA Frisardi in her official or individual capacity, she is immune from a § 1983 claim. In a suit for damages, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the 1983 claim must be

dismissed to the extent it is brought against ADA Frisardi in her official capacity as a prosecutor.

Furthermore, a § 1983 claim against ADA Frisardi in her individual capacity must also be dismissed because she was engaged in prosecutorial functions during the alleged federal civil rights violation. It is well established that

> in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.

Imbler v. Pachtman, 424 U.S. 409, 431 (1976). In determining whether a prosecutor's conduct is related to her advocacy for the state, courts apply a functional test by examining whether the prosecutor's "activities were intimately associated with the judicial phase of the criminal process". Id. at 430. For instance, a prosecutor has absolute immunity with respect to preparing for a judicial proceeding and presenting evidence in Court. Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009). Conversely, a prosecutor is not entitled to such immunity for actions that occur outside of her prosecutorial function, such as speaking with the media, advising police officers during an investigation or acting a witness. Id.

Plaintiff's claims against ADA Frisardi relate to conduct that falls within her prosecutorial function. Plaintiff alleges that

-10-

> Defendants Lipede and Herbawi acted in concert with the (oppressive and constitutionally-blind) Defendant Frisardi to deprive Afrasiabi of his liberty, by concocting false accusations against Afrasiabi.

He further claims that ADA Frisardi "adopted at face value" the false accusations of threat and harassment by Attorney Lipede and Mr. Herbawi and "relied on the unsubstantiated and false claims . . . to bring an additional charge against Afrasiabi."

Those claims are, in essence, an allegation that ADA Frisardi erred by relying on the supposedly false allegations of Attorney Lipede and Mr. Herbawi in her role as an advocate for the Commonwealth. Plaintiff specifically objects to the charges ADA Frisardi filed against him and to her conduct at pretrial hearings. Such activities are "intimately associated with the judicial phase of the criminal process." <u>Imbler</u>, 424 U.S. at 430. Therefore, because plaintiff's § 1983 claim involves alleged prosecutorial errors in the course of the criminal proceedings against him, ADA Frisardi is entitled to absolute immunity and plaintiff's § 1983 claim against her will be dismissed. <u>See</u> <u>Van de Kamp</u> v. <u>Goldstein</u>, 555 U.S. 335, 344 (2009).

Because this Court concludes that the § 1983 claim, which is the only federal claim against the Commonwealth and ADA Frisardi, must be dismissed, it declines to address their

arguments in favor of dismissing the state law claims against them.

### 2. Plaintiff Does Not Allege that Attorney Lipede and Mr. Herbawi Acted Under Color of State Law

Attorney Lipede and Mr. Herbawi submit that this Court does not have subject matter jurisdiction over them because no federal question applies to them and there is no diversity of citizenship. Plaintiff responds that he has

> raised the issue of civil conspiracy/civil rights violation against [them] . . . which, in turn, raises the federal question under Section 1983.

This Court agrees with defendants that it has no federal subject matter jurisdiction over Attorney Lipede and Mr. Herbawi. There is no plausible allegation that those defendants acted under color of state law as is required for a § 1983 claim. See 42 U.S.C. § 1983; Hafer v. Melo, 502 U.S. 21, 27-28 (1991). Consequently, to the extent that plaintiff claims Attorney Lipede and Mr. Herbawi violated § 1983, that claim will be dismissed.

Because the federal claim against Attorney Lipede and Mr. Herbawi must be dismissed, this Court also declines to address the grounds raised by those defendants for dismissing the state law claims against them.

### 3. Dismissal of State Claims without Prejudice to Plaintiff Re-Filing Those Claims in State Court

If all federal claims in a case are dismissed, a federal court may, in its discretion, either continue to exercise supplemental jurisdiction over the pendant state claims or dismiss them without prejudice to plaintiff filing suit in state court. Grispino v. New England Mut. Life Ins. Co., 358 F.3d 16, 19 (1st Cir. 2004). Plaintiff's remaining claims allege violations of the laws of the Commonwealth of Massachusetts: 1) civil rights violations under Massachusetts statutes, 2) negligent infliction of emotional distress, 3) intentional infliction of emotional distress and 4) civil conspiracy. Thus, this Court will exercise its discretion to dismiss the remaining state-law claims against the Commonwealth of Massachusetts, ADA Frisardi, Attorney Lipede and Mr. Herbawi without prejudice.

Dismissal without prejudice of the remaining state-law claims is appropriate because this suit is still in its preliminary stages and no discovery has occurred.

> As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.

Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Moreover, based upon his many filings, this Court is confident that the pro se plaintiff has the ability to re-file

his state claims in a court of the Commonwealth of Massachusetts if he so chooses. See Newman v. Burgin, 930 F.2d 955, 964 (1st Cir. 1991). Accordingly, the state claims will be dismissed without prejudice to plaintiff re-filing them in state court.

III.     **Motion for the Disclosure of Names**

Plaintiff moves to disclose the names of two anonymous defendants who are apparently employed by the Middlesex County Sheriff's Department. Because no federal claims remain in this case and this Court declines to exercise jurisdiction over the state-law claims, that motion will be denied as moot.

**ORDER**

In accordance with the foregoing, defendants' motions to dismiss (Docket No. 21 and 29) are, with respect to the 42 U.S.C. § 1983 claims, **ALLOWED**. Plaintiff's state-law claims are **DISMISSED without prejudice.** Plaintiff may re-file those state claims in a court of the Commonwealth of Massachusetts. Plaintiff's motion for the disclosure of names (Docket No. 32) is **DENIED as moot.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 8, 2017